481 P.2d 667

**STATE of Utah, Plaintiff and Respondent,**

v.

**Phillip Cooper GEORGE and William Wade Thompson, Defendants and Appellants.**

**No. 12135.**

Supreme Court of Utah.

Feb. 22, 1971.

Ellett, J., dissented and filed opinion in which Crockett, J., concurred.

---

5. Sec. 77-35-20, U.C.A.1953.

Phil L. Hansen and Associates, Salt Lake City, for defendants and appellants.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Harry E. McCoy, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a grand larceny conviction. Reversed.

A truck with camper attached disappeared from a used car lot. About a week later the camper was sitting on E's premises. The truck's whereabouts has not been determined. Defendants jointly were charged with the theft of both. The evidence was circumstantial, absent which, any hope for conviction could not be entertained. Without detailing all the facts, it may be said that they provoked a strong suspicion of guilt, but insufficient, we believe, to establish it beyond a reasonable doubt. Defendants were convicted almost solely on the testimony of Mr. and Mrs. E, who said defendants had brought the camper to their place and asked them to find a buyer which they did; that they received the $600 purchase price in cash, gave it to one of the defendants, who in turn gave them $100 as commission for the sale. The camper was impounded by the police before a man hauling it to the purchaser made the delivery. The purchaser contacted the defendants and he testified that they offered to give the money back.

There was no evidence as to whether the defendants or either of them or neither of them took the truck and camper, save by way of inference from their presence when the camper was left and sold and one of them was handed the purchase price, and we believe that under the facts of this particular case, the jury had to indulge an inference upon an inference that could lead but to conjecture not justifying a conclusion that a theft was accomplished by both or either of the defendants beyond a reasonable doubt and to the exclusion of any reasonable hypothesis other than theft.

Without the testimony of Mr. and Mrs. E, by their own admission fugitives from the truth, who obviously "copped out" at the suggestion of some sort of immunity by a policeman, the state's case could not have gotten off the ground. This case has a complexion giving rise to one reasonable hypothesis inconsistent with that of larceny,—the possibility or even probability that these two may have been "fences," not "thieves." But the defendants were not

charged with trafficking in contraband goods. We believe that there are other hypotheses inconsistent with a larceny that could be constructed out of the tenuous facts extant here. For this reason, the unusual action taken by the trial judge seems significant, when, after all the instructions had been given to the jury, he scribbled another one in his own handwriting on a piece of yellow paper, which almost appeared to be a hint or admonition to the jury to pay particular homage to the rule requiring facts sufficient to establish guilt beyond a reasonable doubt. Here is the instruction he wrote: "You are instructed that a person who knowingly receives stolen property, or who sells property knowing that it was stolen, is not guilty of larceny." In giving this instruction in light of the facts of this case, it appears that the court itself suggested the matter of reasonable doubt and supplied an hypothesis itself that reasonably is inconsistent with larceny.

In these days where the American public cannot be condemned too much for concluding that the criminal seemingly is the master of his fate and captain of his soul, surrounded with some decisional safeguards that sometimes drive prosecutors up the wall, there are cases like this one, where it is not so much a matter of polarizing and protecting a criminal's so-called unalienable rights, but one where the judiciary must look to the safeguarding of the traditional American system of common, decent and reasonably fair treatment, to the effect that the common weal and the bundle of human rights fare more conscionably if a guilty one might on occasion where proof is lacking, go free rather than gamble with the lives of those who might be guiltless.

The jury system we think is the best yet devised for free, fair justice. Sometimes, however, as does the finest mechanical device, it may slow down, or stop, or break its mainspring. It is not infallible, and hence lends substance and reason for this court's existence and its obligation to protect an individual's freedom and other rights against tyranny, unreasonable, impetuous or legal irregularities of others, including those indulged by juries that wittingly or unwittingly depart from the instructions or otherwise disregard the invaluable presumption of innocence.

CALLISTER, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting):

I dissent.

That defendants were in possession of recently stolen property is shown by their presence at the time of sale of the camper, their employing Frank Elsbury to sell it, their receipt of the six hundred dollars for the sale thereof, and their paying a commission to Frank Elsbury.

The theft of the camper was established beyond a reasonable doubt. Somebody stole it. The question is: Who did it?

Section 76–38–1, U.C.A.1953, reads as follows:

Larceny is the felonious stealing, taking, carrying, leading or driving away the personal property of another. Possession of property recently stolen, when the person in possession fails to make a satisfactory explanation, shall be deemed prima facie evidence of guilt.

Here the defendants made no explanation—satisfactory or otherwise—of their possession of the camper, and I think the jury was justified in finding them guilty of larceny. I would, therefore, affirm the judgment of conviction.

CROCKETT, J., concurs in the dissenting opinion of ELLETT, J.

Callister, C. J., concurred in result and filed opinion in which Tuckett, J., concurred.

Henriod, J., concurred in part and dissented in part.