1999 UT App 061

**SPANISH FORK CITY, Plaintiff and Appellee,**

v.

**Debbie BRYAN, Defendant and Appellant.**

**No. 971662–CA.**

Court of Appeals of Utah.

March 4, 1999.

Margaret P. Lindsay, Aldrich Nelson Weight & Esplin, Provo, for Appellant.

S. Junior Baker, Taylor Baker & Hicken, Spanish Fork, for Appellee.

Before Judges BENCH, BILLINGS, and DAVIS.

## OPINION

DAVIS, Judge:

¶ 1 Defendant Debbie Bryan appeals her conviction for possession of drug paraphernalia, a class B misdemeanor in violation of Utah Code Ann. § 58–37a–5 (1996).[1] We reverse.

## BACKGROUND

¶ 2 "In reviewing the trial court's ruling, we recite the facts in the light most favorable to the trial court's findings." *State v. Anderson*, 910 P.2d 1229, 1230 (Utah 1996). The events that led to the conviction from which defendant appeals began when the Spanish Fork Police Department received information that narcotics were being used at a residence in Spanish Fork occupied by defendant and her husband. A search of the residence's garbage can revealed corroborating information including residue that later field tested positive for methamphetamine, cocaine, and marijuana. The police obtained a search warrant for the residence the same day and subsequently searched the home. The search produced a roach clip,[2] scissors, clippers, zig-zags (papers used to roll cigarettes), and "antique" prescription pill bottles dated from 1968 to 1978. Also found were hypodermic needles, hemostats, and a photograph of six men, including defendant's husband, in which two of the men were smoking a bong.[3] The hypodermic needles were found beneath the mattress of the bed defendant shared with her husband. All other items were openly displayed and in plain view of the investigating officers. No controlled substance residue was found on any of the items seized by investigating officers during the search.

¶ 3 A trial in absentia was held, at the close of which the court found defendant guilty of possession of drug paraphernalia in violation of Utah Code Ann. § 58–37a–5 (1996). At trial, the officer who served as custodian of the evidence during the search of the home testified regarding the items found and what uses they served. At the conclusion of the trial, the trial court stated: "I find that it's reasonable to believe that the items identified ... constituted paraphernalia used for illegal drug usage." However, the court below made no specific finding regarding whether defendant was in possession of the items in question. Defendant now appeals her conviction to this court.

## ISSUES

¶ 4 The issues to be decided on appeal are whether there was sufficient evidence to show that defendant was in possession of the items seized from the home and whether there was sufficient evidence to show that the items seized were drug paraphernalia.

## STANDARD OF REVIEW

¶ 5 "When reviewing a bench trial for sufficiency of evidence, we must sustain the trial court's judgment unless it is against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made." *State v. Layman*, 953 P.2d 782, 786 (Utah Ct.App.) (citations and quotation marks omitted), *cert. granted*, No. 980150–SC (Utah 1998). However, "before we can uphold a conviction it must be supported by a quantum of evidence concerning each element of the crime as charged from which the [factfinder] may base its conclusion of guilt beyond a reasonable doubt." *State v. Mur-*

1. We cite to the most recent version of sections 58–37a–3 through 58–37a–5 of the Utah Code as a convenience to the reader. The portions of the statute referred to in this opinion were the same, in all material respects, throughout the proceedings.

2. A roach clip is defined as "a metal clip that resembles tweezers and is used by marijuana smokers to hold a roach ...." Webster's Ninth New Collegiate Dictionary 1018 (1986).

3. A bong is defined as "a simple water pipe consisting of a bottle or vertical tube partially filled with a liquid ... and a smaller offset tube ending in a bowl." Webster's Ninth New Collegiate Dictionary 167 (1986).

*phy,* 617 P.2d 399, 402 (Utah 1980). In addition, "[a] guilty verdict is not legally valid if it is based solely on inferences that give rise to only remote or speculative possibilities of guilt." *State v. Workman,* 852 P.2d 981, 985 (Utah 1993).

## ANALYSIS

¶ 6 The statute relevant to this appeal reads, in pertinent part, "It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, ... process, prepare, ... inject, ingest, inhale or otherwise introduce a controlled substance into the human body in violation of this chapter." Utah Code Ann. § 58–37a–5(1) (1996). No direct evidence in the record demonstrates that the items found at the residence were used in conjunction with a controlled substance. To the contrary, the record establishes that lab tests found no controlled substance residue on any of the seized items. In addition, defendant was not present at the time the search was conducted. Therefore, her conviction necessarily rests on the "possess with intent to use" language of section 58–37a–5(1). Consequently, to prove its case, the State must (1) show that defendant was in possession of the items seized from the residence she shared with her husband and (2) prove that defendant intended to use the items seized as drug paraphernalia.

## POSSESSION

¶ 7 At the outset, we address whether defendant possessed the items investigators seized from her home. Because defendant was not at the residence during the search, any "possession" of the items found must have been "constructive possession." " 'In order to prove constructive possession, there must be a nexus between the accused and the drug sufficient enough to allow an inference that the accused had both the ability and the intent to exercise dominion and control over the drug.' " *Layman,* 953 P.2d at 787 (quoting *State v. Salas,* 820 P.2d 1386, 1388 (Utah Ct.App.1991) (citation omitted)). Although defendant most certainly knew of the existence of the items and their potential for illegal use, " '[k]nowledge and ability to possess do not equal possession where there is no evidence of intent to make use of that knowledge and ability.' " *Id.* (quoting *State v. Fox,* 709 P.2d 316, 319 (Utah 1985)). Thus, the evidence " 'must raise a reasonable inference that ... defendant was engaged in a criminal enterprise and not simply a bystander.' " *Id.* (quoting *Fox,* 709 P.2d at 319–20).

¶ 8 In *Layman,* we reversed convictions for possession of a controlled substance with intent to distribute and possession of paraphernalia. *See id.* at 792. There, this court reiterated several factors to consider when determining whether constructive possession of a controlled substance exists, including the following:

"1) defendant's presence at the time the drugs were found, with emphasis on the fact that the drugs were in plain or open view; 2) the defendant's access to the drugs; 3) the proximity of defendant to the drugs; 4) evidence indicating that the 'defendant was participating with others in the mutual use and enjoyment of the contraband'; and 5) incriminating statements."

*Id.* at 788 (quoting *State v. Anderton,* 668 P.2d 1258, 1264 (Utah 1983) (citation omitted in original) (Durham, J., concurring separately in result)). We apply a similar analysis in this case to determine whether defendant was in possession of paraphernalia, noting that "the finding of any one of the evidentiary factors highlighted above is not determinative; that evidence must still be considered within the totality of the circumstances presented." *Id.* at 788–89.

¶ 9 First, defendant was not present at the time the items were found. Second, although defendant may have had access to the items found in her home, there was no evidence that she used or intended to use the items for illegal purposes. Third, there was no evidence that defendant participated in the mutual use of the items seized. Lastly, defendant made no statements, incriminating or otherwise. We agree with defendant's argument that the fact she lived in a house with her husband where the items were found " 'is as fully explained by her attachment to her husband as it might be by a control over the

[items seized].'" *Id.* at 790 (quoting *State v. Shipp*, 216 N.J.Super. 662, 524 A.2d 864, 866 (1987)); *see also Anderton*, 668 P.2d at 1264 (Durham, J., concurring) ("'[W]here the defendant is in nonexclusive possession of premises on which illicit [items] are found, it cannot be inferred that he knew of the presence of such [items] and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference.'") (citation omitted); *State v. Hansen*, 732 P.2d 127, 132 (Utah 1987) (stating mere occupancy of portion of premises where drug is found cannot support finding of knowing and intentional possession by accused).

¶ 10 Although circumstantial evidence may be enough to prove constructive possession, the State has the burden of establishing beyond a reasonable doubt that defendant committed each element of the crime charged. *See Workman*, 852 P.2d at 985. In cases relying on constructive possession, that burden requires a presentation of extensive and detailed facts. *See Layman*, 953 P.2d at 790; *see also Anderton*, 668 P.2d at 1264.

> Lack of such evidence may well make it impossible for the State to fulfill its duty to establish—beyond a reasonable doubt—the necessary nexus between a defendant and the contraband; any significant deficiency in evidence establishing the nexus almost always leaves room for those "reasonable hypotheses of innocence" which "necessarily raise[ ] a reasonable doubt as to the defendant's guilt."

*Layman*, 953 P.2d at 791–92 (quoting *State v. Hill*, 727 P.2d 221, 222 (Utah 1986) (citation omitted)). Here, the necessary nexus between defendant and the items seized does not exist. We note that neither possibilities nor probabilities can substitute for certainty beyond a reasonable doubt. *See Murphy*, 617 P.2d at 402 ("[C]riminal convictions may not be based upon conjectures or probabilities and before we can uphold a conviction it must be supported by a quantum of evidence concerning each element of the crime as charged from which the jury may base its conclusion of guilt beyond a reasonable doubt."); *see also State v. George*, 25 Utah 2d

330, 481 P.2d 667, 667 (1971) (reversing conviction where circumstantial evidence required jury "to indulge an inference upon an inference that could lead but to conjecture").

¶ 11 Because inferences constitute virtually the entire case against defendant, the factual evidence in this case is inconclusive as to whether she possessed the items found in her home. Even accepting that the items seized are commonly used in the "drug world" for various purposes and that some of the items may indeed be paraphernalia, defendant's conviction for possession of paraphernalia "is based solely on inferences that give rise to only remote or speculative possibilities of guilt." *Workman*, 852 P.2d at 985. "There must be some additional nexus between the accused and the [items seized] to show that the accused had the power and intent to exercise dominion and control over [them]." *Hansen*, 732 P.2d at 132. Because the nexus between defendant and the items is lacking, there is simply "not a sufficient quality or quantity of evidence" to support a determination that defendant was in possession of drug paraphernalia. *See Layman*, 953 P.2d at 789. Because our conclusion that the evidence was insufficient to prove defendant possessed the items found in her home is dispositive, we do not address whether the evidence was sufficient to show that the items seized were paraphernalia.

## CONCLUSION

¶ 12 We hold that there is insufficient evidence to establish the required nexus between defendant and the items found in her home to show defendant possessed said items. Accordingly, we reverse the trial court's conviction of defendant for possession of drug paraphernalia.

¶ 13 I CONCUR: JUDITH M. BILLINGS, Judge.

¶ 14 I CONCUR IN THE RESULT: RUSSELL W. BENCH, Judge.