2001 UT App 71

STATE of Utah, Plaintiff and Appellee,

v.

Patrick E. EBERWEIN, Defendant and Appellant.

No. 990775–CA.

Court of Appeals of Utah.

March 8, 2001.

Floyd W. Holm, Attorney at Law, Cedar City, for Appellant.

Scott M. Burns, Iron County Attorney's Office, Cedar City, for Appellee.

Before Judges BILLINGS, ORME, and THORNE.

## OPINION

THORNE, Judge:

¶1 Defendant Patrick Eberwein appeals from his conviction for Driving with Any Measurable Controlled Substance in the Body, a Class B misdemeanor, in violation of Utah Code Ann. § 41–6–44.6 (1999). We reverse.

## FACTS

¶2 " 'In reviewing the trial court's ruling, we recite the facts in the light most favorable to the trial court's findings.' " *Spanish Fork v. Bryan,* 1999 UT App 61, ¶2, 975 P.2d 501 (Utah Ct.App.1999) (quoting *State v. Anderson,* 910 P.2d 1229, 1230 (Utah 1996)).

¶3 On April 29, 1999, in poor driving conditions, Utah Highway Patrolman Larry Orton observed Eberwein driving at least twenty miles-per-hour over the posted speed limit. Trooper Orton activated his emergency lights and pursued Eberwein for approximately six miles before Eberwein finally stopped.

¶4 Trooper Orton approached the car and informed Eberwein that he had been speeding and requested his licence and registration. From this information, the Trooper learned that Eberwein had rented the car in California and that the rental contract specifically prohibited Eberwein from taking the car out of California. The Trooper then spoke separately with Eberwein and his passenger. The two men gave inconsistent reasons for their travel in Utah, causing Trooper Orton to become suspicious. Nonetheless, the Trooper issued Eberwein a citation for speeding and told him he was free to go.

¶5 Then, before Eberwein left the scene, Trooper Orton asked if he had any drugs in the car. Eberwein said "no" and consented when Trooper Orton requested permission to search the vehicle. The search yielded a small, soft-sided bag located on the passenger side of the car. Inside the bag the Trooper found a powder, which Eberwein's passenger identified as methamphetamine, and a straw encrusted with the powder. Upon its discovery, Eberwein's passenger admitted ownership of both the bag and its contents. Following the Trooper's subsequent questioning, both Eberwein and his passenger denied having ingested any methamphetamine. Trooper Orton then asked Eberwein, pursuant to Utah Code Ann. § 41–6–44.10 (1998) (Utah's implied consent law), to consent to a chemical test. Eberwein declined. Trooper Orton subsequently arrested and searched Eberwein.

¶6 During the search of Eberwein's person, Trooper Orton discovered two tablets that he tentatively identified as Vicodin. At that time, Eberwein admitted ingesting the medication, although the two men discussed neither when Eberwein took the tablets nor the amount ingested. Eberwein also told the Trooper the pills had been prescribed to him for pain associated with recent dental work.

¶7 Subsequently, Eberwein was charged with Driving with Any Measurable Controlled Substance in the Body, a Class B misdemeanor, in violation of Utah Code Ann. § 41–6–44.6 (1999), and Speeding, a Class C misdemeanor, in violation of Utah Code Ann. § 41–6–46 (1999).

¶8 On September 1, 1999, the trial court conducted a bench trial and tried Eberwein in absentia,[1] finding him guilty of both charges. Eberwein now appeals solely from his conviction for Driving with Any Measurable Controlled Substance in his Body.

## ISSUES AND STANDARD OF REVIEW

¶9 Eberwein first argues that an important portion of Trooper Orton's testimony was hearsay and therefore, inadmissible. " 'The admissibility of an item of evidence is a legal question.' However, the trial court has a great deal of discretion in determining whether to admit or exclude evidence, and its ruling will not be overturned unless there is an abuse of discretion." *Gorostieta v. Parkinson,* 2000 UT 99, ¶14, 410 Utah

---

1. The trial took less than twenty minutes with the court hearing from only one witness, Trooper Orton.

Adv. Rep. 39, 17 P.3d 1110 (internal citation omitted).

¶ 10 Eberwein also argues that the evidence presented at trial was insufficient to support his conviction. " 'When reviewing a bench trial for sufficiency of the evidence, we must sustain the trial court's judgment unless it is against. the clear weight of the evidence....' " *State v. Larsen*, 2000 UT App 106, ¶ 10, 999 P.2d 1252 (quoting *Spanish Fork v. Bryan*, 1999 UT App 61, ¶ 5, 975 P.2d 501).

## ANALYSIS

¶ 11 Eberwein first argues that Trooper Orton's testimony identifying the tablets as Vicodin was hearsay and thus inadmissible because Orton relied on an over-the-telephone identification by a hospital employee to conclude that the tablets were a controlled substance. "[I]n reviewing a trial court's decision to admit or exclude evidence, we allow for broad discretion." *Jensen v. Intermountain Power Agency*, 1999 UT 10, ¶ 12, 977 P.2d 474. Despite this broad discretion, the trial court "should limit the application of the evidence [to] the purpose [for] which it is competent and for which it was admitted." 23A C.J.S. *Criminal Law* § 1206 (1989); *see also Julian v. State*, 966 P.2d 249, 256 n. 7 (Utah 1998).

¶ 12 At trial, over defense counsel's hearsay objection, Trooper Orton testified that after finding the tablets, he called the local emergency room (ER) to elicit help in identifying them. Trooper Orton further testified that the ER employee to whom he spoke told him that Vicodin is a pain medication similar to Lortab, and a controlled substance.

¶ 13 The State, responding to defendant's objection, argued Trooper Orton's testimony was offered only for the limited purpose of explaining the trooper's actions. The trial court permitted the testimony, over defendant's objection, for that limited purpose and not for the purpose of establishing that the tablets were in fact Vicodin, and therefore a controlled substance. In limiting the purpose of the testimony, the trial court obviated any substantive evidentiary value the Trooper's drug identification testimony may

otherwise have had. Therefore, abiding by the trial court's self-imposed limitation, Trooper Orton's testimony concerning the nature of the tablets seized may not be considered as substantively identifying the tablets as a controlled substance. *See State v. Collier*, 736 P.2d 231, 234 (Utah 1987); *Provo City v. Warden*, 844 P.2d 360, 366 (Utah Ct.App.1992) (upholding the trial court decision to admit the statements of an unidentified person to "explain the conduct of the police officer"); *Layton City v. Noon*, 736 P.2d 1035, 1039 (Utah Ct.App.1987). We conclude that admitting Trooper Orton's testimony for the limited purpose of explaining his action was not an abuse of discretion.

¶ 14 Eberwein next argues that, absent proof that the tablets seized were a controlled substance, the State's evidence is insufficient to support the trial court's guilty verdict. " 'A guilty verdict is not legally valid if it is based solely on inferences that give rise to only remote or speculative possibilities of guilt.' " *Bryan*, 1999 UT App 61 at ¶ 5, 975 P.2d 501 (quoting *State v. Workman*, 852 P.2d 981, 985 (Utah 1993)).

¶ 15 To establish guilt under section 41–6–44.6, the State must prove that Eberwein drove with "any measurable controlled substance or metabolite of controlled substance in his body." *Id.* Here, the State argues that the circumstances surrounding Eberwein's arrest, which were introduced at trial, are sufficient to support his conviction.

¶ 16 However, our review of the facts reveals that the State failed to introduce evidence of chemical tests detecting the presence of a controlled substance in Eberwein's system, or the nature of either the pills seized after his arrest or the powder discovered during the search of the car. Additionally, the State failed to present any evidence which would demonstrate Trooper Orton's qualifications to testify as to the nature of the tablets. Further, while Eberwein admitted that the pills were his, that they had been prescribed by his dentist for pain, and that at some point in time he had ingested some of the pills; we conclude that, absent Trooper Orton's identification, the record

contains no definitive identification of the tablets as a controlled substance.

¶ 17 Therefore, the evidence presented by the State is sufficient to create " 'inferences that give rise to only remote or speculative possibilities of [Eberwein's] guilt.' " *Bryan* 1999 UT App 61 at ¶ 5, 975 P.2d 501 (citation omitted). Accordingly, the State failed to prove that Eberwein had a measurable amount of any controlled substance in his body at the time of his arrest.

¶ 18 The conviction is reversed.

¶ 19 WE CONCUR: BILLINGS, Judge, ORME, Judge.