The STATE of Utah, Plaintiff and Respondent,

v.

Gary L. FOX, Defendant and Appellant.

The STATE of Utah, Plaintiff and Respondent,

v.

Clive FOX, Defendant and Appellant.

Nos. 20088, 20089.

Supreme Court of Utah.

Oct. 18, 1985.

H. Don Sharp, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendants Gary and Clive Fox were convicted of possession with intent to dis-

tribute and production of a controlled substance in violation of U.C.A., 1953, § 58-37-8(1)(a)(i) and § 58-37-8(1)(a)(ii). On appeal, both defendants argue that the evidence is insufficient to sustain the charges. We affirm the conviction of Gary Fox and reverse the conviction of Clive Fox.

In June 1983, the Weber County Sheriff's Office received an anonymous letter stating that 7-foot marijuana plants growing at 249 Harris Street in Ogden were soon to be harvested. The residence belonged to Gary Fox. Acting on the tip, an officer went to the residence to investigate. He saw that the yard contained two opaque greenhouses, one of which was attached to the house. The officer was able to determine that one greenhouse contained marijuana because a marijuana leaf was pressed against the greenhouse. That same day, the officer obtained a search warrant for the house and the greenhouses and conducted a search while the premises were unoccupied.

The home had two bedrooms. One bedroom contained men's clothing, carpentry tools, and a plastic identification card for Clive which had expired April 15, 1982. The second bedroom contained men's clothing, women's underclothing, a checkbook and bank deposit slips with Gary's name on them, a book entitled *Marijuana Grower's Guide*, marijuana and drug paraphernalia. The kitchen contained marijuana and other paraphernalia. Both greenhouses contained marijuana plants. One of the greenhouses was accessible from the kitchen and had no outside entrance. The kitchen and greenhouse were not separated or blocked off from the remainder of the house, and the entire house was very humid. In searching the house the officers found mail addressed to both Gary and Clive.

Gary owned the property. He arranged for the delivery of gas to the house, and the gas bills were sent to him. The telephone listing, however, was in Clive's name, and had been since 1979.

Neither Gary nor Clive had been seen near the house by the police. Mr. Seamon, a neighbor, testified that he thought Gary and Clive lived at the house: "I would see

them on weekends would be all," doing yard work. Mrs. Seamon testified in response to a question whether she knew who lived at 249 Harris: "Well, I had seen Clive and Gary Fox over there." Neither witness remembered seeing either Gary or Clive at the house on any specific occasion during the month preceding the arrest, but remembered they were absent for a period following the arrest. An officer testified that the house appeared to be occupied because the refrigerator and cupboards contained food, and the kitchen had both clean and dirty dishes in it.

At the close of the State's case, both Gary and Clive moved to dismiss the charges because of insufficient evidence. The motion was denied. The trial court stated that the defendants lived in or occupied the home, and that there was "enough marijuana growth for sale."

Both were convicted of production of a controlled substance and possession of a controlled substance with intent to distribute for value in violation of U.C.A., 1953, § 58-37-8(1)(a)(i) and § 58-37-8(1)(a)(ii). On appeal, the defendants renew their claim that there was insufficient evidence to prove that they grew marijuana and that the marijuana found in the residence belonged to them or was for distribution.

This Court may overturn a conviction for insufficient evidence when it is apparent that the evidence is insufficient to prove each element of the crime beyond a reasonable doubt. *State v. Petree*, Utah, 659 P.2d 443, 444 (1983).

A conviction for possession of a controlled substance with intent to distribute requires proof of two elements: (1) that defendant knowingly and intentionally possessed a controlled substance, and (2) that defendant intended to distribute the controlled substance to another. U.C.A., 1953, § 58-37-8(1)(a)(ii). Actual physical possession presupposes knowing and intentional possession. However, actual physical possession is not necessary to convict a defendant of possession of a controlled substance. *State v. Carlson*, Utah, 635 P.2d

72, 74 (1981). A conviction may also be based on constructive possession. *Id.* In *Carlson,* we held that constructive possession exists "where the contraband is subject to [defendant's] dominion and control." *Id.* However, persons who might know of the whereabouts of illicit drugs and who might even have access to them, but who have no intent to obtain and use the drugs can not be convicted of possession of a controlled substance. Knowledge and ability to possess do not equal possession where there is no evidence of intent to make use of that knowledge and ability.

■ To find that a defendant had constructive possession of a drug or other contraband, it is necessary to prove that there was a sufficient nexus between the accused and the drug to permit an inference that the accused had both the power and the intent to exercise dominion and control over the drug. *See United States v. Cardenas,* 748 F.2d 1015, 1019–20 (5th Cir.1984); *United States v. Rackley,* 742 F.2d 1266, 1272 (11th Cir.1984); *United States v. Davis,* 562 F.2d 681, 694 (1977) (Bazelon, C.J., dissenting in part, concurring in part).

■ Whether a sufficient nexus between the accused and the drug exists depends upon the facts and circumstances of each case. *State v. Anderton,* Utah, 668 P.2d 1258, 1264 (1983). Ownership and/or occupancy of the premises upon which the drugs are found, although important factors, are not alone sufficient to establish constructive possession, especially when occupancy is not exclusive. *United States v. Davis,* 562 F.2d 681, 693 (D.C.Cir.1977). Some other factors which might combine to show a sufficient nexus between the accused and the drug are: incriminating statements made by the accused, *Allen v. State,* 158 Ga.App. 691, 282 S.E.2d 126, 127 (1981) (defendant told unnamed individual that defendant had $500 worth of marijuana); incriminating behavior of the accused, *United States v. Garcia,* 655 F.2d 59 (5th Cir.1981) (defendant nodded affirmatively when introduced as owner of cocaine, and remained with drug during negotiations);

*Francis v. State,* Ala.App., 410 So.2d 469 (1982) (defendant slammed door in face of police and ran back into the house yelling, "throw it in the fire"); presence of drugs in a specific area over which the accused had control, such as a closet or drawer containing the accused's clothing or other personal effects, *Walker v. United States,* 489 F.2d 714, 715 (8th Cir.) (drugs found in closet containing defendant's clothing), *cert. denied,* 416 U.S. 990, 94 S.Ct. 2399, 40 L.Ed.2d 768 (1974); presence of drug paraphernalia among the accused's personal effects or in a place over which the accused has special control, *United States v. James,* 494 F.2d 1007, 1030–31 (D.C.Cir.) (drug paraphernalia found in a locked box in defendant's dresser), *cert. denied sub nom., Jackson v. United States,* 419 U.S. 1020, 95 S.Ct. 495, 42 L.Ed.2d 294 (1974); *Petley v. United States,* 427 F.2d 1101, 1106 (9th Cir.) (pipe containing marijuana residue found in defendant's duffel bag), *cert. denied,* 400 U.S. 827, 91 S.Ct. 55, 27 L.Ed.2d 57 (1970). In every case, the determination that someone has constructive possession of drugs is a factual determination which turns on the particular circumstances of the case. Among these circumstances must be facts which permit the inference that the accused intended to use the drugs as his or her own. A conviction for production of a controlled substance requires evidence that the accused knowingly and intentionally produced the controlled substance. U.C.A., 1953, § 58–37–8(1)(a)(i) (supp.1983); *see State v. Echevarrieta,* Utah, 621 P.2d 709, 712 (1980); and evidence of possession may be part of a circumstantial link in the necessary chain of evidence.

■ The evidence as to Gary sufficiently supports his convictions for production of a controlled substance and possession of marijuana with an intent to distribute. Gary owned the property where the marijuana was found. Although he may not have had exclusive control or possession (in a practical non-legal sense) of the premises, his non-exclusive possession and control combined with other incriminating evidence

to provide an adequate foundation for the convictions. *State v. Anderton,* Utah, 668 P.2d 1258, 1264 (1983). Gary owned the house. His occupancy and control was evidenced by the presence of his personal effects in the same room as marijuana, drug-related paraphernalia, and a book entitled *Marijuana Grower's Guide.* Another room also contained marijuana and drug paraphernalia. Because he was the owner and occupier of the property and because of the manner in which the greenhouses were constructed in proximity to the house, one being accessible only through the house, there is a reasonable inference that he not only knew of the greenhouses and their contents but also had the power and intent to exercise dominion and control over the marijuana located in them, and was responsible for growing the marijuana. Furthermore, there was sufficient evidence that he intended to distribute the marijuana. Where one possesses a controlled substance in a quantity too large for personal consumption, the trier of fact can infer that the possessor had an intent to distribute. *State v. Anderton,* Utah, 668 P.2d 1258, 1262 (1983). The police found approximately 2,850 mature marijuana plants growing on Gary's property, an amount of marijuana unquestionably too large for personal use.

On these facts the evidence was sufficient to sustain the conviction of Gary Fox of possession of a controlled substance with intent to distribute, and production of a controlled substance.

Because one of the greenhouses was attached to the house and was openly accessible from the kitchen, the trier of fact could reasonably find that Clive Fox knew that marijuana was being grown in the house. However, to prove that he had constructive possession of the marijuana, the evidence must also show that he had the power and intent to exercise dominion or control over the marijuana. There is no evidence that Clive Fox had any intent to grow or to possess the marijuana in the greenhouses. While he may have had knowledge of the existence of marijuana on the premises, that is not the equivalent of constructive possession. Indeed, evidence supporting the theory of "constructive possession" must raise a reasonable inference that the defendant was engaged in a criminal enterprise and not simply a bystander. That is, the evidence in its totality must show that defendant's dominion or control over the area must have been such that he in fact intended to exercise dominion and control over the marijuana.

■ The evidence showed that the telephone at 246 Harris Street was in Clive's name, that he was seen there on an undated occasion doing yard work, that mail addressed to him was found at unspecified locations within the house, and that his expired identification card was found in the room that apparently was his sleeping quarters, which contained no marijuana or related paraphernalia. On the totality of the evidence, a reasonable person could not find beyond a reasonable doubt that Clive had even non-exclusive dominion or control over the area where the marijuana was found. There was not any evidence at all beyond the possibility that Clive sometimes occupied the premises to link Clive Fox to the marijuana. In addition, there is no evidence that Clive grew the marijuana plants or participated in producing or distributing the marijuana.

The conviction of Gary Fox is affirmed. The conviction of Clive Fox is reversed, and that case is remanded for the purpose of discharging him.

DURHAM and ZIMMERMAN, JJ., concur.

HALL, Chief Justice (concurring and dissenting):

I do not join the Court in overturning the convictions of defendant Clive Fox because I am not persuaded that the evidence is insufficient to prove guilt beyond a reasonable doubt.

This Court's standard of review when faced with a claim of insufficiency of the

evidence is to view the evidence, and the facts reasonably to be inferred therefrom, in the light most favorable to the determination made by the trier of fact.[1] We will only interfere when the evidence is so lacking and insubstantial that a reasonable person could not possibly have determined guilt beyond a reasonable doubt.[2]

The evidence was that defendant's identification card and mail addressed to him were found in the residence. Phone service was in his name. The neighbors testified that defendant had lived there with defendant Gary Fox over a period of three years and that they had constructed the greenhouse which was only accessible through a door off the kitchen. No one else but defendant was identified as living in the house. Items of men's clothing were in the bedrooms, dirty dishes were in the sink, beds were unmade, and food was stocked in cupboards and in the refrigerator, all of which indicated the house was used as a dwelling.

The entire house was a virtual marijuana production center. The attached greenhouse was filled with growing marijuana plants which made the premises uncomfortably humid. The doorway from the kitchen afforded an unobstructed view of the greenhouse and its contents. A large bag of harvested marijuana was found in the kitchen, a common area of the house likely to be used daily by the occupants.

It was certainly reasonable to infer that not just one but *both* defendants knew of the greenhouse and its contents, had the power and intent to exercise dominion and control over the marijuana, and were jointly engaged in growing the marijuana and holding it for sale.

I would affirm the convictions of both defendants.

HOWE, J., concurs in the concurring and dissenting opinion of Chief Justice HALL.

---

**1.** State v. McCardell, Utah, 652 P.2d 942, 945 (1982).

