STATE of Utah, Plaintiff and Respondent,

v.

James S. BINGHAM, Defendant and Appellant.

No. 860292.

Supreme Court of Utah.

Jan. 20, 1987.

---

Gary H. Weight, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction for possession of marijuana with the intent to distribute for value. U.C.A., 1953, § 58–37–8(1)(a)(ii) (1986 Repl.Vol.) (as amended). A substantial amount of marijuana was found in defendant's car after defendant was stopped for driving at a high speed while intoxicated. We affirm the conviction.

The sole issue before us is whether there was sufficient evidence of defendant's possession to support the jury's verdict. On appeal, we view the evidence below and all reasonable inferences to be drawn therefrom in the light most favorable to the jury's verdict. *State v. Heaps*, 711 P.2d 257 (Utah 1985). Defendant may not reargue the weight of that evidence, relying upon testimony favoring his innocence and ignoring the conflicting testimony against him. The fact that defendant's evidence contradicts the jury's determination does not require reversal on appeal. *State v. Watts*, 675 P.2d 566, 568 (Utah 1983).

■ Defendant relies upon our recent decision in *State v. Fox*, 709 P.2d 316 (Utah 1985), in his attempt to discount the more than adequate evidence supporting his conviction. In *Fox*, we held that possession of a controlled substance sufficient to sustain a conviction need not be actual but may be constructive. Constructive possession is proved by establishing a connection between the accused and the drug sufficient to permit an inference that the accused had both the ability and the intent to exercise dominion or control over it. 709 P.2d at 319; *accord State v. Hansen*, 732 P.2d 127, 131 (Utah 1987).

■ The record contains substantial evidence establishing defendant's connection to the marijuana discovered in the trunk of his car. Defendant had purchased the car a few days previously and was driving it when stopped by police. He gave officers permission to search its trunk and delivered the key. Saddlebags containing sixteen small bags of marijuana sat next to the spare tire in the trunk. A search of defendant's person also disclosed a bottle containing marijuana seeds. Marijuana and drug paraphernalia were located in the car's glove box. Zig-zag papers, commonly used to roll marijuana cigarettes, were found on the car's floor.

Notwithstanding defendant's own protestations of his innocence, the above facts were sufficient for the jury to infer that defendant exercised sufficient dominion and control over the marijuana to sustain a finding of knowing and intentional possession with the intent to distribute. 709 P.2d at 319–20; *State v. Hansen, supra.*

Applying the principles in *State v. Fox, supra,* and *State v. Dorsey,* 49 Utah Adv. Rep. 21 (Dec. 31, 1986), we affirm defendant's conviction.