STATE of Utah, Plaintiff and Appellee,

v.

Miguel Enrique SALAS, Defendant and Appellant.

No. 900418–CA.

Court of Appeals of Utah.

Nov. 4, 1991.

Candice A. Johnson and Joan C. Watt, Salt Lake City, for defendant and appellant.

R. Paul Van Dam and Judith S.H. Atherton, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and ORME, JJ.

BENCH, Presiding Judge:

Defendant Miguel Enrique Salas appeals his jury conviction of possession of a controlled substance, a third degree felony, in violation of Utah Code Ann. § 58–37–8 (1990). We reverse.

## FACTS

On the morning of March 2, 1990, Deputy William F. McCarthy of Metro Narcotics received a tip from an informant that defendant would be in possession of cocaine during his lunch hour. At approximately 11:00 a.m., McCarthy ran a check through the State computer to determine whether defendant had a valid driver's license. McCarthy was unable to locate a valid license. He later ran a second check through the Salt Lake City police dispatcher and again found no license for defendant.[1]

---

1. Although defendant was licensed, no license was found because of a name disparity. Defendant's license is under the name Miguel S. Leyva, rather than the names checked by McCarthy: Miguel Enrique Salas, Miguel E. Salas–Leyva, Enrique Miguel Salas, Enrique Leyva–Salas, Mi-

At noon, McCarthy and Immigration Officer Craig Englin observed defendant leave his place of employment accompanied by two other men. The officers then saw the three men enter a vehicle matching the description given to McCarthy. The defendant drove the vehicle, with one passenger in the frontseat and one in the backseat. McCarthy and Englin stopped defendant for driving without a license. After stopping the vehicle, McCarthy asked for defendant's license. Defendant did not have a license with him, but said it was in his other wallet at work.

After checking for defendant's vehicle registration,[2] McCarthy told defendant he had received a tip that defendant would be driving the vehicle and defendant would be in possession of cocaine. McCarthy told defendant that he wanted to search the vehicle for cocaine. McCarthy also told defendant he did not have to consent to the search. Officer Englin repeated the request to search in Spanish. Englin testified that, before the search for cocaine, he had asked defendant if there was cocaine in the car and defendant had responded "no." The defendant told the officers he did not "have anything to worry about," and consented to the search. McCarthy and Englin both said defendant was calm and cooperative with them.

During a search of the vehicle and trunk, a package containing cocaine was found in the crack of the backseat on the driver's side, where the bottom of the cushion fits the back. The cocaine was discovered, following a lengthy search, in a place different from where the informant's tip had indicated it would be found. Defendant was arrested and charged with possession of a controlled substance. Englin testified that, after the cocaine was discovered, defendant had said in Spanish "they put it there."

Defendant moved to suppress the evidence found in the vehicle, claiming it was seized in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Utah Constitution. The court denied the motion. At trial on June 1, 1990, the jury found defendant guilty of possession of a controlled substance, a third degree felony.

Defendant raises several issues on appeal: (1) Was the traffic stop of defendant unreasonable? (2) Did defendant consent to a search of the vehicle? (3) Did the trial court err in instructing the jury on reasonable doubt? (4) Was there sufficient evidence to support defendant's conviction? We reverse because there was insufficient evidence of drug possession to support the conviction. We, therefore, do not reach the independent grounds for reversal of whether defendant's motion to suppress the evidence should have been granted because he was stopped and searched in violation of his constitutional rights. Nor do we reach the issue of whether the trial court erred in instructing the jury on reasonable doubt.

### SUFFICIENCY OF EVIDENCE

The standard of review when the sufficiency of evidence in a jury trial is challenged is well established.

> [T]he evidence and the reasonable inferences which might be drawn therefrom must be viewed in the light most favorable to the jury verdict. A jury conviction is reversed for insufficient evidence only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted.

*State v. Johnson*, 774 P.2d 1141, 1147 (Utah 1989); *accord State v. Jonas*, 793 P.2d 902, 905 (Utah App.1990); *State v. Jamison*, 767 P.2d 134, 137 (Utah App. 1989).

Defendant claims that the State failed to prove by sufficient evidence that defendant

---

guel Leyva–Salas and Miguel Salas. Officer Englin testified that with the Spanish language, people frequently have two last names or a hyphenated last name. Leyva is defendant's mother's birth name.

**2.** Defendant was unable to produce a registration for the vehicle, but provided title to the vehicle in the name Jeanette/Miguel Salas. Jeanette Salas is defendant's wife.

possessed the cocaine. "It is unlawful: (i) for any person knowingly and intentionally to possess or use a controlled substance...." Utah Code Ann. § 58–37–8(2)(a) (1990). "In a prosecution for unlawful possession of narcotics the [State] must prove that the accused exercised dominion and control over the drug with knowledge of its presence and narcotic character." *State v. Winters,* 16 Utah 2d 139, 396 P.2d 872, 874 (1964).

 It is well settled that the contraband need only be shown to have been subject to the dominion and control of the accused or, in other words, within the accused's constructive possession. *State v. Carlson,* 635 P.2d 72, 74 (Utah 1981). "Actual physical possession of a controlled substance is not an element of this crime." *State v. Hansen,* 732 P.2d 127, 131 (Utah 1987). In order to prove constructive possession, there must be a nexus between the accused and the drug sufficient enough to allow an inference that the accused had both the ability and the intent to exercise dominion and control over the drug. *State v. Fox,* 709 P.2d 316, 319 (Utah 1985). *See also State v. Bingham,* 732 P.2d 132, 133 (Utah 1987); *State v. Hansen,* 732 P.2d 127, 131 (Utah 1987). The sufficiency of the nexus between a defendant and the cocaine depends upon the facts and circumstances of the case. *State v. Anderton,* 668 P.2d 1258, 1264 (Utah 1983).

Even viewing the evidence, and the reasonable inferences drawn from it in a light most favorable to the jury's verdict, we find that there was insufficient evidence of a nexus between defendant and the cocaine found in his vehicle.

 Defendant occupied the vehicle with two other men at the time he was stopped by McCarthy and Englin. McCarthy testified that the backseat passenger was sitting behind the frontseat passenger when the car was stopped. Englin testified that the backseat passenger was previously behind the driver and moved around just before the stop. This furtive movement, coupled with the fact that the cocaine was found under the backseat where a passenger had been sitting, renders the remaining evidence sufficiently inconclusive as to whether defendant knew of the presence of the cocaine or had the intent to exercise dominion and control over the cocaine.

A sufficient nexus is not established by mere "[o]wnership and/or occupancy of the premises upon which the drugs [were] found ... especially when occupancy is not exclusive." *Fox,* 709 P.2d at 319. This general rule supports the assertion that "the mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs...." Annotation, *Conviction of Possession of Illicit Drugs Found in Automobile of Which Defendant Was Not Sole Occupant,* 57 A.L.R.3d 1319, 1326 (1974). In order to find that the accused was in possession of drugs found in an automobile he was not the sole occupant of, and did not have sole access to, there must be other evidence to buttress such an inference. The law has recognized several particular evidentiary factors as linking or tending to link an accused with drugs. These include incriminating statements, suspicious or incriminating behavior, sale of drugs, use of drugs, proximity of defendant to location of drugs, drugs in plain view, and drugs on defendant's person.[3]

---

**3.** *United States v. Jackson,* 423 F.2d 506, 508 (9th Cir.), *cert. denied,* 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51 (1970) (evidence supported finding of possession where defendant slowed car in order for passenger to attempt to throw out package, and then accelerated in an attempt to escape); *People v. Valerio,* 13 Cal.App.3d 912, 92 Cal.Rptr. 82, 89 (1970) (marijuana fragments were found on floorboard on defendant's side of car); *People v. Cirilli,* 265 Cal.App.2d 607, 71 Cal.Rptr. 604, 608 (1968) (inference of knowledge of marijuana cigarettes found in car was permitted by fact that marijuana fragments

were found in defendants's pockets); *People v. Roberts,* 228 Cal.App.2d 722, 39 Cal.Rptr. 843, 846 (1964) (it was proper to infer that defendant had knowledge of presence of heroin where defendant was under influence of a narcotic at time of arrest); *People v. Torres,* 98 Cal.App.2d 189, 219 P.2d 480, 482–83 (1950) (guilty knowledge inferred from false and contradictory statements made by defendant); *Zicca v. State,* 232 So.2d 414, 415 (Fla.App.1970) (evidence indicated that defendant must have been aware of marijuana which was found in open view in

"Thus ... in finding constructive possession of controlled substances in nonexclusive occupancy settings, courts have relied on extensive and detailed factual evidence." *Anderton,* 668 P.2d at 1264.

The factual evidence in this case, however, is inconclusive as to whether defendant knew of or possessed the cocaine. Although defendant owned and occupied the vehicle, the ownership and occupancy were not exclusive. Defendant's wife was a co-owner of the vehicle and there were two passengers in the vehicle at the time of arrest. One passenger had better access to the spot where cocaine was found than did defendant. Further, defendant denied the presence of cocaine before the search, did not try to escape the scene during the search, denied putting the cocaine in the vehicle after it was discovered, and did not have drugs or drug paraphernalia on his person at the time of arrest. The drug itself was found in an area that was not easily accessible to the defendant. There had been a backseat passenger close to where the drug was found, and this passenger was seen moving around in a furtive manner just before the traffic stop. In addition, the statement spontaneously uttered by defendant that "they put it there" lends further support to the assertion that defendant did not exercise control over the cocaine. Neither McCarthy nor Englin testified that defendant carried a package to his vehicle, talked suspiciously with the other passengers, was in the back seat or reached to the back seat, or that defendant's behavior was suspicious in any way.

■ The only evidence, besides defendant's ownership and occupancy of the vehicle, to link the defendant with the drug, is the evidence of the informant's tip to McCarthy. However, even though the nexus requirement in drug possession cases could be met by competent evidence of an informant's tip, the alleged informant evidence in this case is hearsay that could not be used to show a nexus between the defendant and the drug. The informant in this case was never identified and never testified. Had the informant's statements been properly admitted for their truth, or had the informant testified, then the requisite nexus may possibly have been shown. The informant's statements were admitted at trial, however, only to explain why McCarthy and Englin acted as they did in searching for cocaine. *See State v. Collier,* 736 P.2d 231, 234 (Utah 1987) (police testimony of informant information not hearsay where used to explain conduct of the police rather than to prove truth of the information). The State never claimed that the informant's statements were admitted for their truth.[4] The State therefore cannot now use the informant's tip as evidence to provide the nexus between the defendant and the drug.

The State's position was that the informant's tip was not the immediate reason for the traffic stop. The officers testified that they stopped defendant's vehicle because he was driving without a valid driver's license. Independent evidence supporting the informant's tip was never developed or established by the State. In fact, the State objected at trial to defense counsel's attempts to explore the informant's tip. "Hearsay statements of a witness are admissible at trial provided the State can show the witness's unavailability and prove that the statement bears adequate indicia of reliability." *State v. Drawn,* 791 P.2d 890, 893 (Utah App.1990). The informant in this case was unidentified, was not shown to be unavailable, and his reliability and basis of knowledge were not established. McCarthy's testimony regarding the informant's statements is therefore inadmissible hearsay with regards to the truth of the statements and

---

automobile); *Johnson v. State,* 126 Ga.App. 93, 189 S.E.2d 900, 902 (1972) (defendant in nonexclusive possession of car where drugs were found was properly convicted on basis of evidence that he participated in drug sale shortly before arrest).

4. Defendant claims that the informant's statements were erroneously admitted. In response, the State argues that defendant failed to show that the informant's statements were admitted for their truth. Inasmuch as the State contends that the statements were not admitted for their truth, it may not logically rely upon the truthfulness of the statements to prove a nexus.

does not provide evidence of a nexus between the defendant and the drug sufficient to infer that the defendant possessed the drug.

### CONCLUSION

We conclude that the evidence does not establish a nexus, between the defendant and the cocaine found in his vehicle, sufficient to infer that defendant, Miguel Enrique Salas, possessed the cocaine found in his vehicle.

Defendant's conviction is therefore reversed.

BILLINGS and ORME, JJ., concur.