KERN, Justice
(concurring in part and dissenting in part).
[¶37.] I concur in Issue 1, but dissent from the majority opinion’s conclusion in *696 Issue 2. The trial court erred by denying a judgment of acquittal as the evidence was insufficient to support the Defendant’s conviction for knowing possession of methamphetamine.
[¶ 38.] On appeal, it is our objective to determine “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Overbey, 2010 S.D. 78, ¶ 12, 790 N.W.2d 35, 40. While the State may prove all elements using circumstantial evidence, verdicts cannot rest upon mere suspicion or possibility of guilt. State v. Laplante, 2002 S.D. 95, ¶ 30, 650 N.W.2d 305, 312; State v. Lee, 48 S.D. 29, 35, 201 N.W. 703, 705 (1924).
[¶ 39.] The circumstantial evidence considered by the jury in this case in support of the conviction is summarized as follows. Fischer was driving a vehicle that belonged to an out-of-state resident, and Fischer’s possession of the vehicle was not exclusive. The owner of the vehicle was not identified, and no evidence was presented regarding Fisher’s relationship or involvement with the owner. At the time of Fischer’s arrest, he had a pipe containing marijuana residue in his pocket, and he refused a urinalysis. A tin containing paraphernalia with methamphetamine residue was found under the passenger seat of the vehicle. Fischer and the female passenger denied knowledge of the tin. The officers released the passenger without searching her or determining her identity.
[¶ 40.] Fischer’s guilt beyond a reasonable doubt cannot be reasonably inferred from consideration of these facts individually or collectively. Other courts, when considering similar scenarios, have found such evidence insufficient to withstand a motion for a judgment of acquittal. In United States v. Aponte, defendants were stopped for a traffic violation and convicted of possession with intent to distribute drugs found inside a cooler in the vehicle’s cargo area. 619 F.3d 799, 800 (8th Cir. 2010). Defendants, who did not own the vehicle, argued “the evidence was insufficient for a jury to reasonably conclude [defendants] knew of the drugs[.]” Id. Both defendants lacked criminal backgrounds or warrants, submitted valid identification, and provided nearly identical stories regarding their destination. Id. at 801. Additionally, Aponte testified he did not notice the cooler and did not know it contained drugs. Id. at 803. The court emphasized that in cases where the defendant did not own the vehicle and was in possession of the vehicle for a short time, additional proof was required to show “that the defendant was aware of drugs concealed in the vehicle.” Id. at 804. Upon consideration of “all of these circumstances in their totality, [the court concluded the] evidence [was] insufficient to prove [defendants’ knowledge] beyond a reasonable doubt.” Id. at 809.
[¶ 41.] In State v. Salas, law enforcement stopped defendant’s vehicle after receiving a tip he was in possession of cocaine. 820 P.2d 1386, 1386-87 (Utah Ct. App.1991). Two passengers were present in defendant’s vehicle, one in the front passenger’s seat and one in the backseat. Id. at 1387. Defendant denied possessing cocaine and consented to a search of his vehicle, which uncovered cocaine “in the crack of the backseat on the driver’s side, where the bottom of the cushion fits the back.” Id. The court found defendant not to be in constructive possession of the cocaine, stating such possession requires “a nexus between the accused and the drug sufficient enough to allow an inference that the accused had both the ability *697 and the intent to exercise dominion and control over the drug.” Id. at 1388 (emphasis added).
[¶ 42.] In the present case, no evidence was submitted at trial to establish Fischer’s knowledge of the tin containing paraphernalia and methamphetamine residue. Fischer’s mere occupancy of the vehicle in “which the drugs [were] found ... especially when occupancy is not exclusive” is insufficient to create the necessary nexus to establish constructive possession. Id. (quoting State v. Fox, 709 P.2d 316, 319 (Utah 1985)).
[¶ 43.] When examining the evidence we consider an actor’s “acts, conduct and inferences [that] are fairly dedueible from the circumstances surrounding the offense.” Laplante, 2002 S.D. 95, ¶ 30, 650 N.W.2d at 312. “Sufficient proof may include incriminating statements or actions accompanying discovery of the illicit substance, finding the substance with or near the accused’s personal belongings, and any other circumstances linking the accused to the substance.” State v. Wheeler, 2013 S.D. 59, ¶10, 835 N.W.2d 871, 873. None of the foregoing types of proof are present in this case. The record does not reflect that Fischer said or did anything incriminating in response to the officers’ discovery of the tin containing paraphernalia with methamphetamine residue. Fischer did not appear to be under the influence of drugs or alcohol. The State did not offer any evidence — such as fingerprint analysis — directly linking Fischer to the container. Likewise, the State did not produce. any items proved to belong to Fischer that were intermingled with the offending items. With reference to the inference that Fischer refused to submit to a urinalysis because he had used methamphetamine, it is equálly fair to presume he did not want to take the test because he had used marijuana or simply wished to invoke his right not to submit to testing.
[¶ 44.] The evidence in this case is so scant that it cannot be said that a rational trier of fact could conclude beyond a reasonable doubt that Fischer knew of the presence of the tin under the passenger’s seat in a vehicle he didn’t own. To hold otherwise would be to create a strict liability standard for any person found in a motor vehicle with an illegal substance. The evidence in this case merely infers the possibility “that this appellant may have committed.this offense. Beyond this possibility, resort must be had to surmise, speculation, and suspicion to establish the appellant’s criminal agency in the offense charged. No rule is more fundamental or better settled than that convictions cannot be predicated on such bases.” Nguyen v. State, 580 So.2d 122, 123 (Ala.Crim.App.1991) (quoting Parker v. State, 280 Ala. 685, 198 So.2d 261, 268 (1967)) (emphasis added). I respectfully dissent.
. [¶ 45.] SEVERSON, Justice, joins this special writing.